**Larry F. MURPHY, Petitioner,**

**v.**

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 03–3309.**

United States Court of Appeals, Federal Circuit.

DECIDED: March 3, 2004.

James W. Poirier, Principal Attorney, Mark A. Melnick, David M. Cohen, of Counsel, Washington, DC, for Respondent.

Larry F. Murphy, of Counsel, Grifton, NC, pro se.

Before MAYER, Chief Judge, BRYSON, and LINN, Circuit Judges.

DECISION

PER CURIAM.

Petitioner Larry F. Murphy was removed from his GS–11 position with the Department of the Navy because he failed to fulfill the terms of a last-chance settlement agreement. He appealed his removal to the Merit Systems Protection Board, which held that it lacked jurisdiction because Mr. Murphy had waived his right to appeal to the Board in the settlement agreement. Docket No. DC–0752–01–0615–1–2, 2003 WL 21664254. We *affirm.*

BACKGROUND

Mr. Murphy served as an accountant with the Navy for several years before being removed from his position on September 14, 2000, based on charges of inappropriate conduct towards his supervisors and other personnel. He initially appealed the removal decision to the Merit Systems Protection Board, but the appeal was resolved by a last-chance settlement agreement between the Navy and Mr. Murphy. The administrative judge assigned to the case determined that the agreement was

fair and was freely entered into by both parties.

Under the terms of the settlement agreement, Mr. Murphy agreed to withdraw his appeal. In return, he was permitted to return to work on a probationary status. During the probationary period, which was to last for two years from the date of the agreement, he was subject to removal at any time for any misconduct or performance problems. Furthermore, Mr. Murphy agreed to waive all rights to appeal to the Board from any removal action taken during that probationary period. The agreement further detailed a number of specific requirements that Mr. Murphy was to comply with.

On April 23, 2001, the Navy notified Mr. Murphy that he would be removed, effective May 23, 2001, because he had violated the terms of the last-chance settlement agreement. The Navy alleged that he had failed to follow instructions, that he had failed to complete work assignments, that he had exhibited inappropriate conduct towards his supervisor, and that his performance was inadequate in several instances.

Mr. Murphy challenged his removal. At the outset, the administrative judge assigned to the case concluded that, with respect to several of his claims, Mr. Murphy failed to make a nonfrivolous showing that the Merit Systems Protection Board had jurisdiction in light of the settlement agreement. In particular, the administrative judge found that the record clearly established, without the need for an evidentiary hearing, (1) that Mr. Murphy breached the last-chance settlement agreement by violating the portion of the agreement that required that he demonstrate conduct becoming a government employee and maintain satisfactory conduct and relationships with fellow employees; (2) that the last-chance settlement agreement was lawful on its face and fair, that the terms of the waiver of the appellant's appeal rights were comprehensive; (3) that the agreement was freely entered into by both parties; and (4) that the agency had not acted in bad faith in entering into the last-chance settlement agreement.

With respect to the question whether the agency had acted in bad faith in enforcing the settlement agreement, the administrative judge held that Mr. Murphy had made a non-frivolous allegation of facts sufficient to warrant an evidentiary hearing. Following the hearing, however, the administrative judge determined that the evidence did not support Mr. Murphy's allegations of bad faith on the part of the agency and therefore dismissed Mr. Murphy's appeal. The full Merit Systems Protection Board denied Mr. Murphy's petition for review.

## DISCUSSION

On appeal, Mr. Murphy challenges the administrative judge's finding that the agency did not act in bad faith in enforcing the last-chance settlement agreement. Second, he contends that administrative judge erred in failing to find that he entered into the last-chance settlement agreement under duress. Third, he argues that the administrative judge committed two evidentiary errors in the course of resolving the jurisdictional issue.

■ The administrative judge based his ruling on the bad faith issue on five specific findings, rejecting Mr. Murphy's claims of bad faith with respect to each. In particular, the administrative judge ruled: (1) that at a February 12, 2001, "all hands" meeting the Navy did not cause Mr. Murphy's co-workers to be prejudiced against him; (2) that the Navy did not act in bad faith when, at the time of the agreement, it failed to inform him that he would not be

returning to duty in the same position he had previously held; (3) that the Navy was not bound to keep the terms of the agreement confidential; (4) that the Navy did not assign him to a computer that was functionally different from those used by his co-workers; and (5) that the actions of his supervisor did not constitute bad faith. In addressing each of those issues, the administrative judge recited evidence from the hearing that supported his conclusions and explained why he had rejected Mr. Murphy's claims with respect to each. After reviewing the evidence in light of Mr. Murphy's challenges to the administrative judge's findings, we are satisfied that the administrative judge's findings on each of those points are supported by substantial evidence.

With regard to the second point of error, Mr. Murphy asserts that he was persuaded to enter into the last-chance settlement agreement under duress. We hold that he has waived his right to make that argument. The administrative judge expressly noted that Mr. Murphy did not contest the finding that he entered into the settlement agreement freely and voluntarily. The record fully supports the administrative judge's determination in that regard. Moreover, in Mr. Murphy's jurisdictional brief before the administrative judge, his counsel conceded that "[Mr. Murphy] cannot seriously contend that he did not knowingly and voluntarily enter in the agreement. He was represented by counsel, and the agreement was reached as a result of negotiations between he and the government." Rather, he argued that the agency had engaged in acts of bad faith and that the Merit Systems Protection Board had jurisdiction on that ground. Because Mr. Murphy failed to argue to the administrative judge that he entered into the settlement agreement under duress, he cannot now raise that issue on appeal.

Finally, Mr. Murphy raises two evidentiary challenges. First, he contends that the administrative judge improperly excluded testimony concerning the February 12, 2001, all hands meeting on the grounds that it constituted hearsay. He asserts that the evidence that he wished to present constituted a statement made to his lawyer by Major Miner, who was involved on behalf of the agency in entering into the last-chance settlement agreement. According to Mr. Murphy, the statement that Major Miner made to his lawyer related to the events at that meeting. To the extent the statement was offered to prove what happened at the meeting, however, it would plainly be hearsay and thus inadmissible. To the extent that it was not offered for that purpose, it would not be relevant.

Mr. Murphy also challenges the administrative judge's credibility determinations. The evidence he points to, however, fails to demonstrate that the administrative judge's credibility determinations were wrong, particularly in light of the very heavy burden imposed on parties who seek to challenge an administrative judge's credibility determinations on appeal. *See Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986). We therefore reject Mr. Murphy's challenge on these grounds.